# Turnpike Company *against* M'Anulty.

In an action by a Turnpike Company, a sequestrator may appeal from an award of arbitrators against the company, and make the oath and enter into the recognizance required by law.

ERROR to the Common Pleas of *Indiana* county.

This was an action on the case in *assumpsit* by the president and managers of the Huntingdon and Indiana Turnpike-road Company against M'Anulty and Sterrett, in which an award of arbitrators was made against the plaintiff. John S. Isett, sequestrator of the company, entered an appeal, made the oath and gave the recognizance with security which the law required. A rule was granted to show cause why the appeal should not be stricken off for the following reasons: 1. Because the oath was not made by the president or other chief officer of the corporation. 2. Because the corporation was not in the recognizance by itself, its agent or attorney.

The court below was of opinion that the appeal could not be sustained, and struck it off.

*Stewart* and *Banks*, for the plaintiff in error, referred to the *Act of Assembly of the* 16th *of June* 1836, *tit.* " *Execution*," secs. 43, 44, which authorizes the appointment of a sequestrator, and defines his powers; and cited 8 *Serg. & Rawle* 517; 8 *Watts* 318.

*Foster*, for defendant in error. The right of appeal by a corporation, and the mode of entering it, are particularly defined by the Act of 22d of March 1817, and nothing short of a compliance with that law will sustain the appeal.

PER CURIAM.—The statute gives a sequestrator the powers of trustees under the Insolvent Acts; and these are authorized to compound, set-off or carry on actions in behalf of the insolvent. Surely this includes the right of appeal.

Judgment reversed and a *procedendo* awarded.